B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>CE Electrical Contractors, LLC | **DEFENDANTS** Corporation Services Co., As Rep. First Corporate Solutions, as Rep., Global Merchant Cash, Inc., U.S. Business Administration, Wellen Capital, LLC and Sonepar Distribution New England, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>The Fox Law Corp., Inc. 17835 Ventura Blvd. Ste306 Encino, CA 91316 818-774-3545 Boatman Law LLC 155 Sycamore St. Glastonbury, CT 06033 860-291-9061 | **ATTORNEYS** (If Known)<br>Please see attached . |
| **PARTY** (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Request for Sec. 506 determination that Defendants' financing statements are unsecured and the entry of an order voiding the financing statements.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought   The entry of an order voiding the Defendants' financing statements.

**ADVERSARY PROCEEDING COVER SHEET (FORM 1040), CONT'D**

**ATTORNEYS FOR DEFENDANTS**

GLOBAL MERCHANT CASH INC.
James Berman
John L. Cesaroni
Zeisler & Zeisler, PC
10 Middle Street, 15th Floor
Bridgeport, CT 06605
(203) 368-4234

Shanna M. Kaminski
Kaminski Law, PLLC
40950 Woodward Avenue, Ste. 100
Bloomfield Hills, MI 48304
(248) 462-7111

SONEPAR DISTRIBUTION NEW ENGLAND, INC.
Charles I. Miller
The Law Office of Charles I. Miller
PMB 108, 1245 Farmington Avenue
West Hartford, CT 06107
(860) 656-6454

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>CE Electrical Contractors, LLC | | BANKRUPTCY CASE NO.<br>21-20211 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Connecticut | | DIVISION OFFICE<br>Hartford | NAME OF JUDGE<br>Tancredi, USBJ |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/ Jenna N. Sternberg* | | | |
| DATE<br>1/25/2022 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jenna N. Sternberg | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

_____

**In re:**

    **CE ELECTRICAL CONTRACTORS, LLC**
    Debtor

_____

**CE ELECTRICAL CONTRACTORS, LLC**
    Plaintiff,

v.

**CORPORATION SERVICES CO. AS REPRESENTATIVE, FIRST CORPORATE SOLUTIONS, AS REPRESENTATIVE, GLOBAL MERCHANT CASH, INC., U.S. SMALL BUSINESS ADMINISTRATION, WELLEN CAPITAL, LLC AND SONEPAR DISTRIBUTION NEW ENGLAND, INC.**,
    Defendants.

_____

**CHAPTER 11**

**CASE NO. 21-20211 (JJT)**

**ADV. PROC NO. 21-_____**

**JANUARY 25, 2022**

**COMPLAINT TO DETERMINE VALUE OF DEFENDANTS'**
**INTERESTS IN PROPERTY OF ESTATE AND TO VOID LIENS**

Comes Now, CE ELECTRICAL CONTRACTORS, LLC ("CE", "Debtor" or "Plaintiff"), the Debtor in the above-captioned case, with its Complaint.

The Debtor seeks an Order under 11 U.S.C. § 506(a) and (d)(1) first determining that the Defendants' liens, all in the form of financing statements filed with the Secretary of State for the State of Connecticut, are not secured by interest in property of the estate and then voiding such liens under § 506(d).

# I.
# PARTIES, JURISDICTION AND VENUE

1. On March 5, 2021, the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Code.

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), (K) and (O), and § 1334.

3. This is a core proceeding.

4. This Complaint sounds under 11 U.S.C. § 506(a) and (d).

5. The proceeding arises in and arises under and is related to the bankruptcy case pending in the U.S. Bankruptcy Court for the District of Connecticut, In re CE Electrical Contractors, Case No. 21-20211.

6. Venue lies in the District of Connecticut as the Debtor filed its petition for relief in this Court. 28 U.S.C. §§ 1408 and 1409.

7. The Plaintiff is an electrical sub-contractor providing services under contract in Connecticut and previously in other jurisdictions as well.

8. The Defendant, Corporate Services Company ("CSC"), is sued in its capacity as a representative for an unnamed entity asserting an interest in assets of the estate through CSC. It is authorized to do business in the State of Connecticut. The Plaintiff sues CSC with respect to the two liens that CSC filed in representative capacities against the Debtor.

9. The Defendant, First Corporate Solutions ("FCS"), is sued in its capacity as a representative for an unnamed entity asserting an interest in assets of the estate through FCS. It is authorized to do business in the State of Connecticut.

2

10. The Defendant, Global Merchant Cash, Inc., is a New York corporation.

11. The Defendant, U.S. Small Business Administration, is an agency of the United States government.

12. The Defendant, Wellen Capital, LLC, an Illinois entity, is an entity authorized to do business in the State of Connecticut.

13. The Defendant, Sonepar Distribution New England, Inc., also known as NorthEast Distributors, is authorized to do business in the State of Connecticut.

## II.
## BACKGROUND FACTS

14. Prepetition, the Defendants recorded financing statements (referred to herein as "liens") with the Secretary of State for the State of Connecticut on the following dates:

| Entity | Date Filed | Security Interests Asserted (general description) |
|---|---|---|
| CSC (first recording) | 7/15/2019 | Receivables |
| FCS | 12/31/2019 | All present and future assets |
| Global Merchant Cash, Inc. | 1/7/2020 | All assets |
| U.S. SBA | 8/1/2020 | Tangible & intangible property, e.g. invent., equip. & accounts |
| CSC (second filing) | 10/16/2020 | All Assets |
| Wellen Capital, LLC | 12/18/2020 | Undefined future receivables |
| Sonepar Distribution N.E., Inc. (NorthEast Distributors) | 1/4/2021 | Goods CE purchased from Sonepar & proceeds |

15. Prior to the dates that any Defendant filed its liens, both People's United Bank ("People's") and Liberty Bank ("Liberty") recorded financing statements with the Secretary of State for the State of Connecticut.

16. People's and Liberty filed proofs of claim asserting that they are secured creditors in the aggregate amount of $898,671.02.

17. A hearing on confirmation of the Debtor's proposed Plan will be held in the spring of 2022.

18. In connection with confirming a Plan, the Debtor seeks to determine which financing statements are secured by estate property pursuant to § 506(a)(1). As to those financing statements that are not found to be secured, then pursuant to § 506(d)(1), the Debtor seeks to void them.

19. The likely sum of the Debtor's liened assets, including monies, receivables and other personal property, is $930,616.40, though the sum may be different at the time of a hearing on valuation.

20. The aggregate amount of money owed to People's and to Liberty is almost as much as the value of the estate's interest in property in which the estate has an interest. § 506(a)

### FIRST CLAIM FOR RELIEF - FOR DETERMINATION OF SECURED STATUS § 506(a)
(Against all Defendants)

21. The Plaintiff refers to and, by this reference, incorporates and alleges herein each and all the allegations set forth in Paragraphs 1 through 20, inclusive, of this Complaint.

22.     Other with the potential exception of the senior lien next in priority after Liberty's financing statement, none of the Defendants' liens attaches to any interest in property in which the estate has an interest.

23.     As a result, the Defendants' liens are unsecured.

24.     The Plaintiff requests a finding and Order of the Court that, with the potential exception of the one lien next in priority after Liberty's financing statement, none of the Defendants' financing statements are secured by a lien in property in which the estate has an interest.

### SECOND CLAIM FOR RELIEF – AVOIDANCE OF LIENS.  § 506(d)
(Against all Defendants)

25.     The Plaintiff refers to and, by this reference, incorporates and alleges herein, each and all the allegations set forth in Paragraphs 1 through 23, inclusive, of this Complaint.

26.     As none of the Defendants' financing statements is secured by liens in property in which the estate has an interest, the Defendants' financing statements, with the potential exception of some portion of the lien that is next in priority after Liberty's financing statement, should be voided by the Court.

**WHEREFORE**, the Debtor, CE Electrical Contractors, LLC, respectfully requests that this Court: (i) find and Order that none of the Defendants' financing statements is secured by liens on property in which the estate has an interest; and (ii) void all financing statements the Defendants have recorded against the Plaintiff in the office of the Secretary of State for the State of Connecticut.

PLAINTIFF and DEBTOR,
CE ELECTRICAL CONTRACTORS, LLC,

By: /s/ Steven R. Fox
Steven R. Fox (Cal. Bar. No. 138808)
The Fox Law Corporation, Inc.
17835 Ventura Blvd. Suite 306
Encino, CA 91316
(818) 774-3545; FAX (818) 774-3707
srfox@foxlaw.com

By: /s/ Jenna N. Sternberg
Jenna N. Sternberg (ct26645)
Boatman Law LLC
155 Sycamore Street
Glastonbury, CT 06033
(860) 291-9061; FAX (860) 291-9073
jsternberg@boatmanlaw.com

Its Attorneys